IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CAROLINA NAVARRO, | ) | |
| Plaintiff, | ) ) | 2:11-cv-00041-GEB-JFM |
| v. | ) ) | ORDER |
| TARGET CORPORATION AND DOES 1 THROUGH 50, | ) ) ) | |
| Defendants. | ) ) | |

Defendant moves for summary judgment on Plaintiff's premises liability claim, arguing "[P]laintiff cannot demonstrate that [Defendant] breached a duty to [Plaintiff.]" (Def.'s Mot. 2:5-6.) Plaintiff opposes the motion, arguing "there is a genuine dispute as to a material fact as to whether an inspection occurred within a reasonable time period prior to the incident . . . ." (Pl.'s Opp'n 2:6-8.)

**I. LEGAL STANDARD**

A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat. Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material

fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

When the defendant is the moving party and is seeking summary judgment on one or more of a plaintiff's claims,

> [the defendant] has both the initial burden of production and the ultimate burden of persuasion on [the motion]. In order to carry its burden of production, the [defendant] must either produce evidence negating an essential element of the [plaintiff's claim] or show that the [plaintiff] does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. In order to carry its ultimate burden of persuasion on the motion, the [defendant] must persuade the court that there is no genuine issue of material fact.

Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000) (citations omitted). If the moving party satisfies its initial burden, "the non-moving party must set forth, by affidavit or as otherwise provided in [Federal] Rule [of Civil Procedure] 56, specific facts showing that there is a genuine issue for trial." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citation and internal quotation marks omitted). The "non-moving plaintiff cannot rest upon the mere allegations or denials of the adverse party's pleading but must instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial." Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1030 (9th Cir. 2008) (citation and internal quotation marks omitted).

Evidence must be viewed "in the light most favorable to the non-moving party," and "all reasonable inferences" that can be drawn from the evidence must be drawn "in favor of [the non-moving] party." Nunez v. Duncan, 591 F.3d 1217, 1222-23 (9th Cir. 2010).

Further, Local Rule 260(b) requires:

> Any party opposing a motion for summary judgment or summary adjudication [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006).

## II.  UNCONTROVERTED FACTS

On April 8, 2008, Plaintiff "was shopping in the Target Store on Consumnes River Boulevard in Sacramento, California." (Def.'s Statement of Undisputed Material Facts ("SUMF") ¶ 1.) "Plaintiff alleges that as she was walking through the store she slipped and fell on a large amount of liquid substance on the floor." Id. ¶ 2. "Plaintiff does not have any information as to how the liquid got on the floor or how long the substance was on the floor before she fell[;]" however, Yvonne Fabian, the Target Leader on Duty, "had been through the area within ten minutes before [P]laintiff's incident and did not observe the substance on the floor." Id. ¶¶ 5-7. Sometime prior to when Fabian walked through the area where the accident occurred, Fabian "had received a call to respond to an incident in the backroom[,]" and "on her route to respond . . . , [she] walked directly through the area where [P]laintiff fell, since it was on her way to the backroom." Id. ¶¶ 7-9. Further, Fabian states that "[a]ll Target team members are instructed to continuously be

on the lookout for spills or other debris on the floor." Id. ¶ 10.

### III. EVIDENTIARY OBJECTIONS

Defendant has filed numerous evidentiary objections to portions of Plaintiff's opposition brief. However, many of the objections concern evidence that is not material to decision on the motion; therefore, the merits of those objections need not be reached.

### IV. DISCUSSION

Defendant argues its summary judgment motion should be granted since "the only evidence in this action shows that [Defendant] did not have notice of the alleged condition . . . ." (Def.'s Mot. 6:7-9.) Further, Defendant argues it met its duty of care since "the only evidence on this issue establishes that the area was inspected within ten minutes prior to the incident without any indication of a substance on the floor . . . ." Id. 7:11-12.

"It is well established in California that although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe." Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1205 (2001). "A store owner exercises ordinary care by making reasonable inspections of the portions of the premises open to customers, and the care required is commensurate with the risks involved." Id.

"Because the owner is not the insurer of the visitor's personal safety . . ., the owner's actual or constructive knowledge of the dangerous condition is a key to establishing its liability." Id. at 1206; see also Eidem v. Target Corp., No. EDCV 10-01000, 2011 WL 3756144, at *9 (C.D. Cal. Aug. 24, 2011) ("Evidence of the defendant's knowledge is thus critical to a determination of liability on summary judgment."). "[W]here the plaintiff relies on the failure to correct a

1 dangerous condition to prove the owner's negligence, the plaintiff has
2 the burden of showing that the owner had notice of the defect in
3 sufficient time to correct it." <u>Ortega</u>, 26 Cal. 4th at 1206.

> [A] plaintiff may prove a dangerous condition existed for an unreasonable time with circumstantial evidence, and . . . evidence that an inspection had not been made within a particular period of time prior to an accident may warrant an inference that the defective condition existed long enough so that a person exercising reasonable care would have discovered it.

<u>Id.</u> at 1210. "Whether a dangerous condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury, and the cases do not impose exact time limitations." <u>Id.</u> at 1207.

Defendant argues Plaintiff cannot meet her burden concerning the duty of reasonable care and relies on Fabian's following deposition testimony in support of its argument: Fabian "had been through the area within ten minutes before [P]laintiff's incident and did not observe the substance on the floor[,]" and "all Target team members are instructed to continuously be on the lookout for spills or other debris on the floor." (Def.'s SUMF ¶¶ 6, 10.)

Plaintiff counters that "[t]here is overwhelming evidence that the store manager's walk through the area was <u>not</u> an inspection and that no inspections at all were made within a reasonable period of time prior to the incident." (Pl.'s Opp'n 2:4-6.) Plaintiff supports this argument by citing to portions of Fabian's deposition testimony, Stuart Ashworth's deposition testimony (an executive team leader of operations at Defendant's store), and Alex Balian's declaration (a retail safety expert).

Plaintiff argues that Fabian "never testified that she was

*inspecting* the floor while passing through the area." (Pl.'s Opp'n to Def.'s SUMF ¶ 12.) Plaintiff cites Fabian's deposition testimony, in which Fabian testified she would "look[] ahead" when she "was walking to help someone else out" and when she was "walk[ing] what's called the 'racetrack' which is [Defendant's] biggest traffic area where [its] customers walk, and that area we always inspected." (Reihl Decl. Ex. B, 41:3-25.) Further, concerning her actions prior to Plaintiff's fall, Fabian avers she "was looking down when walking through [the scene where Plaintiff fell.]" Id. 65:5-18. Fabian also testified that she does not know whether "that area [had] been inspected that day." Id. 72:20-22.

Plaintiff also provides Ashworth's deposition testimony, in which Ashworth testified that he does not know and that there is "no way [for him to] know[]" when "the last time a team member would have been through that area" where Plaintiff fell prior to the incident. (Reihl Decl. Ex. C, 50:24-51:15.) He further testified that "no one has [the] role of [walking around and cleaning the floors with a broom throughout the day]" and that "[t]he cleaning takes place once somebody has been alerted to a problem of something on the floor." Id. 53:8-14.

Further, Plaintiff provides Balian's declaration, in which he avers as follows:

> Floor inspections in the retail environment are composed [of] two types. The first is reactive whereby employees, while performing their assigned tasks, see a spill are to immediately react and tend to it. This is a common practice in all retail stores regardless of what products are sold. The second is proactive in nature whereby employees are specifically assigned to inspect the floor on a pre-determined interval throughout the store looking for foreseeable hazards such as spills. Employees assigned must be performing no other task but inspecting the floors. Both procedures are necessary to insure that hazards will be detected and removed within a reasonable time throughout the day when the store is opened. Management must have in place a system to verify or confirm that

6

>     employees who are assigned to inspect the floor are
>     indeed performing this task.
>
>     . . .
>
>     A true inspection occurs when the employee is
>     assigned to do nothing else but inspect the floor.

(Balian Decl. ¶¶ 9-10.) Defendant challenges Balian's experience and knowledge, arguing sufficient foundation has not been established for his opinions. (Def.'s Objections 1:21-25, 3:26-4:2.) However, Balian's declaration shows that he has sufficient qualifications to give these opinions.

Plaintiff's evidence concerning Defendant's inspection practices and the actions of the Defendant's employees prior to Plaintiff's fall is sufficient to support drawing a reasonable inference that "the defective condition [involved with Plaintiff's fall] existed long enough so that a person exercising reasonable care would have discovered it." Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1210 (2001); see also id. at 1208 ("[T]he critical question in this case was this: Was a 20 minute interval between inspections of the aisles commensurate with the exercise of ordinary care by defendant? This is a question that was properly left with the jury to decide."); but see Eidem v. Target Corp., No. EDCV 10-01000, 2011 WL 3756144, at *9 (C.D. Cal. Aug. 24, 2011) ("Plaintiff's deposition testimony says nothing as to Defendant's inspection practices, nor did Plaintiff submit any testimony from Defendant's employees on that subject. . . . When there is a lack of evidence, as there is here, the inference must be drawn against Plaintiff, whose burden it is to prove her case.").

///
///
///

**V. CONCLUSION**

For the stated reasons, Defendant's motion for summary judgment is DENIED.

Dated: July 11, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge